United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10705
Summary Calendar

UNTIED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN WILSON, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-182-ALL-H
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Richard Allen Wilson, Jr., appeals from his jury trial
convictions for two counts of mail fraud, in violation of 18
U.S.C. § 1341. He first contends that the evidence was
insufficient to support his convictions. Blue brief, 19-24.
Specifically, Wilson argues that the mailings of the checks
underlying his convictions occurred both two years apart and
after he received property for personal use. Wilson asserts that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these facts fail to satisfy the requirement that the mailings were used to advance the scheme to defraud. We disagree.

The evidence adduced at trial revealed that Wilson's scheme to defraud was ongoing, running between March 1998 and February 2002. The success of Wilson's scheme depended on preventing discovery of his illicit purchases by the Dallas Police Patrolman's Union (DPPU) so that the DPPU would continue to pay for them. To that end, Wilson's criminal conduct required the mailing of payments to American Express to conceal his fraudulent purchases. Under these circumstances, there was sufficient evidence to satisfy the element of Wilson's mail fraud convictions requiring the use of the mails to execute the scheme to defraud. See Schmuck v. United States, 489 U.S. 705, 711-12 (1988).

Wilson next argues that the district court abused its discretion in refusing to instruct the jury concerning a good faith defense and that he was entitled to the instruction because there was some evidence that he acted in good faith. Specifically, Wilson asserts that the evidence adduced at trial revealed that he was authorized to "use the union's American Express card for personal purchases because the union could not pay Wilson's full salary and Wilson had expenses he needed to take care of." Wilson concludes that his personal purchases fell "within the scope of what the board authorized."

The record reveals that the district court instructed the jury that the Government was required to prove that Wilson acted with "specific intent."  A detailed definition of that term was also given to the jury.  Moreover, defense counsel conveyed the essence of a good faith argument to the jury during closing argument.  Under these circumstances, the district court did not abuse its discretion by refusing to give a good faith jury instruction.  See United States v. Tomblin, 46 F.3d 1369, 1378 (5th Cir. 1995); United States v. St. Gelais, 952 F.2d 90, 93 (5th Cir. 1992).  Because Wilson has shown no error in connection with his convictions, those convictions are AFFIRMED.

Wilson argues that his sentence must be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005).  When, as here, a Booker claim is preserved, we will ordinarily vacate and remand unless the Government can show beyond a reasonable doubt that the error was harmless.  See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).

The district court's imposition of a sentence based on facts exceeding those contained in the judgment of conviction was erroneous.  See id.  Further, the Government concedes that the error was not harmless, and the record is silent with respect to whether the district court would have imposed the same sentences under an advisory guidelines scheme.  See id.  Accordingly, Wilson's sentences are VACATED and this matter is REMANDED for resentencing.